OPINION
{¶ 1} Plaintiff-appellant Edward Behymer appeals the February 4, 2002 Judgment Entry of the Morgan County Court of Common Pleas which found defendant-appellee Carl Six to be the lawful owner of the real estate which was the subject of the complaint.
 STATEMENT OF THE FACTS AND CASE {¶ 2} This case involves an ownership dispute over undeveloped real estate in Morgan County, Ohio. Prior to October, 1997, appellant was the owner of the subject real estate. Appellant asked his attorney to prepare a deed to transfer the property to appellee. Thereafter, on October 27, 1997, appellant went to his attorney's office and signed the deed he asked his attorney to prepare. The deed listed appellant as the grantor and appellee and appellee's wife as the grantees. Neither of the grantees were present in appellant's attorney's office for the signing of the deed. Appellant left the signed deed in his attorney's office.
 {¶ 3} The next day, appellant returned to his attorney's office, picked up the deed he had signed the day before, and took it to the Morgan County Recorder's Office. Appellant paid to have the deed recorded and also filed the conveyance form, transferring the tax records in the County Auditor's Office from his name to appellee's name. This conveyance form indicated a mortgage existed on the property for $13,000, which was also the total consideration listed for the sale of the real estate. No mortgage was filed with the deed. After recording the deed, the Morgan County Recorder gave the deed back to appellant. Appellant never physically delivered the deed to either of the grantees. Thereafter, a dispute arose over the payment and the price of the real estate.
 {¶ 4} Appellant asserts the parties agreed to a purchase price of $18,000 for the property. Appellant further asserts he was to receive an initial payment of $5,000 and thereafter, appellee was responsible to pay $13,000 over a period of time. Appellant acknowledges that no note or mortgage was ever prepared, delivered, or filed. Appellant claims appellees paid only $1,500 toward the purchase price of the property.
 {¶ 5} Appellee claims the purchase price was $21,000, and that this price included certain items of tangible personal property in addition to the real property. Appellee claims he paid appellant in full.
 {¶ 6} On July 19, 2000, appellant filed a complaint alleging he owned the subject premises. Appellant requested the trial court grant a temporary restraining order prohibiting the conveyance of the real estate to a third party. The trial court granted the temporary restraining order and subsequently issued a preliminary injunction.
 {¶ 7} The matter proceeded to trial on October 17, 2000. The day before trial, appellant filed an amended complaint. On the day of trial, appellee filed a counterclaim. Neither side objected to the late filings, and all issues were tried before the trial court on October 17, 2001.
 {¶ 8} After hearing all the evidence, the trial court found appellant conveyed the real estate in question to appellee, free and clear of any lien. The trial court found the claimed agreement between appellee and appellant was prohibited by the statute of frauds, and therefore unenforceable. The trial court further found appellant was estopped to deny he transferred the property to appellee because he had recorded the deed. The trial court found against appellee on the counterclaim.
 {¶ 9} It is from that judgment entry appellant prosecutes this appeal, assigning the following error for our review:
 {¶ 10} "I. DELIVERY OF A DEED IS ONE OF THE ESSENTIAL ELEMENTS FOR DELIVERY OF TITLE TO REAL ESTATE. WHEN A GRANTOR SIGNS A DEED BUT GRANTOR DOES NOT PHYSICALLY DELIVER THE DEED TO THE GRANTEE AND THE GRANTOR DOES NOT GIVE UP POSSESSION OF THE PREMISES DESCRIBED IN THE DEED, THEN EVEN IF THE GRANTOR PRESENTS THE DEED TO THE COUNTY RECORDER FOR RECORDING, THERE IS A REBUTTAL PRESUMPTION THAT THE GRANTOR DOES NOT INTEND TO TRANSFER TITLE TO THE REAL PROPERTY DESCRIBED IN THE DEED TO THE NAMED GRANTEE, AND THE COURT HAS AUTHORITY TO DETERMINE FROM EXTRINSIC EVIDENCE IF DELIVERY IS COMPLETE OR IF TITLE REMAINS VESTED IN THE GRANTOR."
 I. {¶ 11} In appellant's sole assignment of error, he maintains the trial court erred in finding he had delivered the deed to appellee. Appellant acknowledges his presentation of the deed to the recorder creates a rebuttable presumption he intended to transfer title. However, he claims he rebutted this presumption by his testimony that he did not intend to transfer the title until he received the full purchase price. We disagree.
 {¶ 12} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
 {¶ 13} A deed must be delivered to be operative as a transfer of ownership of land, for delivery gives the instrument force and effect.Kniebbe v. Wade(1954), 161 Ohio St. 294, 297. Recording a new deed perfects delivery. Candlewood Lake Ass'n v. Scott 2001-Ohio-8873, citingRomaniw Dubas v. Polowyk (Aug. 10, 2000), Cuyahoga App. No. 75980, unreported. Actual manual delivery of a deed is not always required to effectuate the grantor's intention to deliver; the filing and recording thereof being prima facie evidence of delivery, in the absence of any showing of fraud. Frank v. Barnes 40 Ohio App. 328, 337, 178 N.E. 419 at 422, citing Lessee of Mitchell v. Ryan, 3 Ohio St. 377.
 {¶ 14} We find there was sufficient evidence to demonstrate appellant delivered the deed. Appellant caused the deed to be prepared, signed the deed, recorded the deed, filed the conveyance form and paid the conveyance fee. We find there was sufficient, competent credible evidence upon which the trial court could find delivery was complete upon the filing of the deed.
 {¶ 15} Accordingly, the February 4, 2002 Judgment Entry of the Morgan County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Farmer, J. and Wise, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the February 4, 2002 Judgment Entry of the Morgan County Court of Common Pleas is affirmed. Costs assessed to appellant.